**SIGNED THIS: July 21, 2010**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| KRISTY E. RISIUS, | )    No. 09-83687 |
| | ) |
| Debtor. | ) |

**O P I N I O N**

This matter is before the Court on the objection to claim and the amended objection to claim filed by the Debtor, Kristy E. Risius, against Citimortgage, Inc. The Debtor filed a Chapter 13 petition on November 12, 2009, scheduling Citimortgage as the holder of the first mortgage on her residential real estate.

The Chapter 13 Plan, filed November 29, 2009, proposes to treat Citimortgage under Section 1322(b)(5), by paying all regular post-petition mortgage payments directly to Citimortgage, outside the Plan, and by curing the pre-petition arrearage with payments from the Chapter 13 Trustee. The Plan estimates the amount of the arrearage as $6,700. No objections were filed and the Plan was confirmed on January 25, 2010.

On January 11, 2010, Citimortgage filed Claim 3-1 asserting that the balance due on the mortgage was $121,055.83 and the amount of the arrearage was $11,385.75.  On March 22, 2010, the Debtor objected to Claim 3-1 on the grounds that the stated balance due of $121,055.83 is incorrect.  On June 8, 2010, the Debtor filed an amended objection stating that the correct amount of the balance due is $113,000 and the correct amount of the arrearage is $8,057.28.  Citimortgage failed to file a response to either objection.

Two rulings are necessary.  First, the Court declines to make a determination, by default or otherwise, as to the total amount due on the note secured by the mortgage. Since the mortgage claim is not modifiable, 11 U.S.C. § 1322(b)(2), the Debtor may not strip it down to the value of the real estate or otherwise compel the mortgagee to adjust the contract balance – the Plan correctly provides that Citimortgage has an allowed claim for the full "contract" balance to be paid directly by the Debtor.  Even if the Debtor believes that the claim amount of $121,055.83 is incorrect as a matter of contract, that dispute is not one for the bankruptcy court since its resolution cannot possibly have any effect on the Debtor's performance under the Plan or on the administration of the estate by the Trustee.

Second, there is nothing in the record to reflect how the Debtor arrived at her belief that the correct amount of the prepetition arrearage is $8,057.28 or just what itemized amounts are included, and excluded, from that sum.  Nevertheless, because that figure is greater than the Plan's estimate of $6,700, the Court accepts it as an admission of additional liability.  And in the absence of a response by Citimortgage, the determination will be made, by default, that the prepetition arrearage amount due Citimortgage is $8,057.28. The confirmed Plan will have to be modified to provide for the larger arrearage, which may

2

require the Debtor to increase the amount of her monthly Plan payments. She will be given fourteen days to file a motion to modify.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###